**DIAN FEI JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–6010–ag.

United States Court of Appeals, Second Circuit.

July 25, 2006.

Gang Zhou, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Steven T. Schammel, Assistant United States Attorney, McAllen, TX, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Dian Fei Jiang petitions for review of the October 2005 BIA decision affirming Immigration Judge ("IJ") Noel Ferris's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, as here, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ The primary basis for the IJ's adverse credibility decision in this case was that Jiang gave three different accounts of his experiences in China at his airport interview, his initial asylum interview, and his removal hearing. *See* IJ Decision at 11–12.

Where discrepancies arise from an applicant's statements in an airport interview, this Court will closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire*, 357 F.3d at 179. In assessing the reliability of such interviews, the Court generally looks to: (1) whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript, (2) whether the questions posed to the applicant seem designed to elicit the details of an asylum claim, (3) whether the applicant appears to have been reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences in his or her home country, and (4) whether the applicant's answers to the questions posed suggest that he or she did

not understand English or the translations provided by the interpreter. *Ramsameachire,* 357 F.3d at 179–80.

■ An independent review of the airport interview transcript reveals that it is reliable. Specifically, (1) the record of the interview provides a verbatim account; (2) the questions posed at the interview were designed to elicit the details of Jiang's asylum claim, notably, *e.g.,* "What is your purpose for coming to the United States today?" and "Why can't you survive in China?"; (3) there was no indication in the record that Jiang was in any way reluctant to reveal personal information to immigration officials owing to his past coercive interrogation experiences in China; and (4) the transcript notes that an interpreter was present at the interview. *See id.* Thus, Wang's assertion in the airport interview that he had never been arrested or detained by the Chinese police or government is a legitimate and significant discrepancy from the accounts of persecution he gave at both his asylum interview and his removal hearing, both of which alleged forcible detention by Chinese authorities. Although Wang attempted to explain the discrepancy at his removal hearing by suggesting that he was "afraid" to report his detention at the airport interview, the IJ was not required to credit this statement. *See Zhou Yun Zhang v. INS,* 386 F.3d at 75. "Where, as here, there is no indication that an alien's testimony has been coerced, unfairly truncated, or mistranslated in any material way, it is entirely appropriate that a factfinder consider [airport interview] testimony when making a credibility assessment because it represents the alien's own unpolished and unrevised description of the events giving rise to his claim of asylum, and because the alien's recollection of the events giving rise to the asylum claim is freshest at the point of entry into the United States." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 397–98 (2d Cir.2005). Where testimony given at an airport interview provides an entirely different account of persecution from subsequent statements made by the applicant, the IJ is entitled to consider that fact in making a credibility determination. *See id.* at 398.

Moreover, the IJ also reasonably considered the inconsistencies between Jiang's account of persecution at his initial asylum interview and those he gave at his airport interview and his deportation hearing. We are not obliged to give asylum interviews any special scrutiny, although at a minimum, "the record must contain a meaningful, clear, and reliable summary of the statements made by the applicant at the interview." *Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 632 (2d Cir.2006). While the report of Jiang's interview was informal and handwritten, it clearly noted that Jiang had escaped detention by procuring fraudulent documents—an account that is contradicted by both Jiang's airport interview statement that he had never been detained, and inconsistent with his hearing testimony that he was released from detention by the authorities. The IJ gave Jiang an opportunity to explain these inconsistencies, and Jiang was unable to provide a comprehensible response.

The multiple inconsistencies between Jiang's various accounts of persecution constitute substantial evidence supporting the IJ's decision. *See Zhou Yun Zhang v. INS,* 386 F.3d at 73. Additionally, because Jiang failed to raise the issue of CAT relief in his brief before this Court, that claim has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).